United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES OF AMERICA,**

    *Plaintiff,*

v.                                                                                                        No. 3:19-cr-148-J-32PDB

**ROBERT H. HENDRICKS,**

    *Defendant.*

---

# Order

A grand jury has returned an indictment charging Robert Hendricks with twelve counts of wire fraud, in violation of 18 U.S.C. § 1343. Doc. 1. According to the allegations in the indictment, the defendant used his reputation for savviness in the commercial real estate world to defraud clients, including friends, out of millions of dollars. Doc. 1.

The United States moved for the defendant's detention under 18 U.S.C. § 3142(f)(2)(A) on the ground there is a serious risk he will flee. Docs. 7, 8. He opposed the motion. Doc. 12. The United States had to show by a preponderance of the evidence that no condition or combination of conditions will reasonably assure his presence as required.[1]

---

[1] Courts disagree on whether a court proceeding on a motion under § 3142(f)(2)(A) may consider a defendant's danger to the community. *See United States v. Gibson*, 384 F. Supp. 3d 955, 960–62 (N.D. Ind. 2019) (explaining disagreement). Neither side raised—much less briefed—this issue. Without briefing and with time of the essence, the Court focuses on flight and appearance, as it had in the original detention order without complaint. *See* Docs. 14, 14-1.

The undersigned conducted a detention hearing, during which counsel for both sides proffered facts and offered exhibits. Docs. 12, 12-1–12-11. At the end of the hearing, the undersigned granted the motion, Doc. 12, and entered written findings, Docs. 14, 14-1.

The defendant now moves for reconsideration, Docs. 21, 25. The United States opposes the motion. Doc. 24. The undersigned conducted a hearing on the motion and took the motion under advisement.[2] Doc. 29.

A defendant who wants to challenge a pre-trial detention order by a magistrate judge has three options. He can ask the magistrate judge to reopen the detention hearing under 18 U.S.C. § 3142(f). He can ask the district judge to revoke the detention order under 18 U.S.C. § 3145(b). Or he can appeal the detention order to the appellate court under 18 U.S.C. § 3145(c) and Fed. R. App. P. 9(a).

The defendant proceeds under a different route for which he provides no legal authority: he asks the magistrate judge to reconsider the detention decision based not on an error of law or an error of material fact but on the same evidence already considered or on evidence that could have been presented the first time around. *See*

---

[2]Since filing the motion for reconsideration, the defendant has filed a second motion, this time for judicial notice that all eight defendants in *United States v. Balotin et al.*, 3:19-cr-191-J-34JBT—another fraud case in this division—were released on conditions yesterday. Doc. 30. The Court grants the motion to the extent the fact of their release is judicially noticed; however, that fact is unpersuasive. Counsel neglects to mention material differences between the defendants and cases, including that (1) the United States did not move for detention for any of the eight defendants and thus proffered no facts related to serious flight risks, and (2) the alleged fraud there occurred in 2014 to 2015. In any event, each defendant is unique, each case is unique, and each detention determination is dependent on the unique circumstances at hand. Without fully analyzing the pertinent circumstances for each defendant and each case, no "disparate treatment," as counsel suggests, can be plausibly inferred.

*generally* Doc. 21. Insofar as the Bail Reform Act provides no such "do-over," the Court will deem the motion for reconsideration as a motion to reopen the detention hearing.

To reopen a detention hearing, a judge must find that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Reopening is unwarranted if the newly offered evidence was available at the time of the hearing. *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989). And even then, reopening is discretionary. *United States v. Watson*, 475 F. App'x 598, 599-600 (6th Cir. 2012).

In his effort to obtain reconsideration rather than reopening, the defendant offers no such information in the motion.[3] Doc. 21. But at the hearing on the motion, he presented such information: voluminous discovery provided by the United States after the detention hearing showing that investigators possess extensive, detailed information about his bank accounts and other financial affairs. At least at the hearing, the United States made no argument that the discovery is not new and material or otherwise insufficient to reopen the detention hearing.

The discovery impacts the detention decision. A significant concern underlying the detention decision was the defendant's access to cash or other assets to enable him to flee. Having considered the amount of discovery, combined with the credible

---

[3]Because the Court directed the defendant to *United States v. Pon*, No. 3:14-cr-75-J-39PDB (M.D. Fla.) at the conclusion of the detention hearing, he relies heavily on *Pon*, mostly to compare the circumstances there with the circumstances here to argue against detention. The Court's purpose in directing him to *Pon* was not to suggest that *Pon* should be a measuring stick by which the detention decision would be decided but to explain that the defendant may be able to obtain release, as Mr. Pon had through his appeal to the district judge, if he offers a way to assuage the concern that assets could be used to flee.

testimony of John Hendricks, that concern has been addressed sufficiently. Together, they suggest the defendant has no such assets. While the United States referenced cash withdrawals in 2017 that have not been accounted for, there is no indication those remain available to the defendant.

The following combination of conditions, along with others, will reasonably assure the defendant's appearance as required:

- He must execute an unsecured appearance bond binding him to pay the United States of America $25,000.

- He must reside with and remain in the custody of John Hendricks as the third-party custodian.

- He must limit his travel to the Jacksonville Division of the Middle District of Florida.

- He must report regularly to the Pretrial Services Office.

- He must not possess a firearm, destructive device, or other dangerous weapon.

- He must not be involved in any financial transactions, including opening any new bank account, opening any new credit-card account, offering any new mortgage on his property, and completing or continuing the ventures described in a supplement to his motion or any other ventures, Doc. 28.

- He must participate in the GPS monitoring program.

- He must surrender his passport and his expired passport and not apply for any new travel document.

The Court will set these and other conditions and consider any requested additional conditions at a hearing before the undersigned on **November 18, 2019**, at **1:00 p.m.**, in courtroom 5B (fifth floor) of the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202. **The defendant and John Hendricks must be present.**

In imposing the condition prohibiting the defendant from engaging in financial transactions, the Court rejects his request to "continue his efforts to consummate his business ventures ... and identify any <u>additional</u> such ventures[.]" Doc. 30 at 16 (emphasis in original). In his asserted push to pay victims and defense counsel, he disregards the risk of possible new victims established by the evidence of continued fraud or misrepresentations offered by the United States at the detention hearing and the hearing on the current motion.[4]

The defendant describes seven ventures, many expected to have wrapped up by September 1, 2019 (before his arrest). While the conditions will not permit him to continue engagement in these ventures, the Court would consider allowing the defendant to designate a nonfamilial third party—approved by the Court—to complete or carryout the ventures on his behalf.

Thus, the Court **grants in part and denies in part** the defendant's motion for reconsideration, Doc. 21, and motion for judicial notice, Doc. 30.

**Ordered** in Jacksonville, Florida, on November 15, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

[4]While the Court does not dispute that the Desalvos have skilled counsel, as emphasized by the defendant's counsel, the Court declines to view private counsel for plaintiffs in a civil case (who are also asserted victims in this case) as the Court's de facto monitor of the defendant's ventures for honest dealing. Private counsel's primary interest is collection of the judgment for his clients through effectuation of assignments and pledges, not to comb documents for badges of fraud or to interview all involved in the ventures for possible misrepresentations.

c: Ashley Washington, Assistant United States Attorney
Curtis Fallgatter, Esquire
United States Pretrial Services
United States Marshal
John Hendricks via Mr. Fallgatter